# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Muhammed Mahdee Abdullah ) | Case No: 5:04-CR-371-1F |
| ) | USM No: 24895-056 |
| Date of Previous Judgment: June 14, 2005 ) | |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney Robert L. Cooper |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of the _____defendant_____ under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and the court having considered such motion,

**IT IS ORDERED** that the motion is:

☒ DENIED.   ☐ GRANTED  and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____ months.

If the amount of time the defendant has already served exceeds this sentence, the sentence is reduced to a "Time Served" sentence, subject to an additional period of up to ten (10) days for administrative purposes of releasing the defendant.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

Previous Offense Level: _____          Amended Offense Level: _____

Criminal History Category: _____        Criminal History Category: _____

Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ Other (explain):

## III. ADDITIONAL COMMENTS

While the defendant is eligible for the 2-level reduction based on the application of 28 U.S.C. § 994(u), this reduction does not reduce the guideline range of imprisonment as originally determined by the court. Specifically, the defendant's total offense level based on the drug quantity would be reduced from 38 to 36; however, because the defendant is a Career Offender, the total offense level would default to 37. With a criminal history category of VI, the guideline range of imprisonment would remain at 360 months to life. Therefore, the defendant is not eligible for a reduction and the motion is denied.

Except as provided above, all provisions of the judgment dated 6/14/2005 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 5/26/11

Judge's signature

Effective Date: _____
(if different from order date)

James C. Fox, Senior U.S. District Judge
Printed name and title