UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-371-01-F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MUHAMMED MAHDEE ABDULLAH, | ) | |
| Defendant. | ) | |

On May 26, 2011, the undersigned entered an order [DE-159] denying Muhammed Mahdee Abdullah's ("Abdullah") *pro se* Motion for Retroactive Application of Sentencing Guidelines Amendment [DE-151]. The stated basis for denial was:

> While the defendant is eligible for the 2-level reduction based on the application of 28 U.S.C. § 994(u), this reduction does not reduce the guideline range of imprisonment as originally determined by the court. Specifically, the defendant's total offense level based on the drug quantity would be reduced from 38 to 36; however, because the defendant is a Career Offender, the total offense level would default to 37. With a criminal history category of VI, the guideline range of imprisonment would remain at 360 months to life. Therefore, the defendant is not eligible for a reduction and the motion is denied.

On June 7, 2011, Abdullah filed a *pro se* Motion for Reconsideration [DE-161] explaining in detail why he should receive the benefit of the premise, "a defendant who was designated a career offender but ultimately explicitly sentenced based on a guideline range calculated by Section 2D1.1 of the Guidelines (as was Petitioner) 'is' eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack Amendments. " Response [DE-160] at p. 3.

While Abdullah's premise is sound as a general rule, it does not, *as applied to the facts in his particular case*, entitle to him to a reduction in his sentence. Abdullah's adjusted Offense Level of 38 resulted from the drug weight (Level 36) plus a 2-Offense Level increase for use of a dangerous weapon in connection with the drug offense. The total Offense Level was 38,

which, together with a Criminal History Category of VI, produced an imprisonment range of 360 months to life.

Abdullah also was determined to be a career offender, but the Offense Level required by that designation (37) was less than that required by the drug weight and gun total offense level (38). Therefore, as Abdullah correctly points out, the advisory Guideline Range *was* based on the drug weight, and not on the career offender designation.

A reduction in Offense Level based on the retroactive crack amendment to the advisory Guidelines normally would reduce a defendant's Offense Level by 2 levels. However, because of Abdullah's career offender status, his offense level may not be reduced below (37). As calculated, Abdullah's Total Offense Level was 38 which, with a Criminal History Category of VI, produced an imprisonment range of 360 months to life. The advisory Guideline Range for an Offense Level 37 and a Criminal History Category of VI, also produces an imprisonment range of 360 months to life. Therefore, because of his career offender status, application of the retroactive crack amendment *in this case does not have the effect of reducing the advisory Guideline Range.* Section 1B1.10(a)(2)(B) of the advisory Guidelines provides that a reduction in a term of imprisonment is *not authorized if the amendment to the advisory Guidelines does not have the effect of lowering the defendant's applicable Guideline range.*

For the foregoing reasons, Abdullah's Motion for Reconsideration is DENIED.

SO ORDERED.

This, the 15th day of June, 2011.

JAMES C. FOX
Senior United States District Judge

2