IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-371-FL-1
No. 5:16-CV-426-FL

| | | |
|---|---|---|
| MUHAMMED MAHDEE ABDULLAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions for reconsideration. (DE 290, DE 292). The issues raised are ripe for ruling.[1] For the reasons that follow, this court denies petitioner's motions.

**BACKGROUND**

On December 1, 2004, petitioner was charged in two counts of a three-count indictment with the following: conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) and more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One); and distribution of a quantity of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three). At his arraignment, held on February 22, 2005, petitioner pleaded not guilty. Following a three-day jury trial, petitioner was found guilty.

On June 14, 2005, the court sentenced petitioner to 400 months' imprisonment on Count One and 360 months' imprisonment on Count Three, to run concurrently. Petitioner appealed his

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

judgment, and the Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Burston, 195 F. App'x 150 (4th Cir. 2006) (appeal consolidated with codefendant). Petitioner filed a petition for certiorari with the Supreme Court, but it was denied. See Abdullah v. United States, 549 U.S. 1145 (2007).

On January 9, 2008, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255. On March 11, 2009, the court addressed petitioner's three claims of ineffective assistance of counsel and denied petitioner's motion. On June 20, 2016, the Fourth Circuit granted authorization for petitioner to file a second or successive § 2255 motion. On that same day, through appointed counsel, petitioner filed a § 2255 motion, arguing that in light of the Supreme Court's decision in Johnson, 135 S. Ct. at 2551, he was improperly sentenced as a career offender.[2]

On July 21, 2016, the court stayed this matter pending the Supreme Court's final decision in Beckles v. United States, 15-8544. On April 7, 2017, the court lifted the stay. Petitioner was directed to show cause within thirty days why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). Petitioner failed to respond, and July 12, 2017, the court denied petitioner's motion to vacate.

Additionally, on March 15, 2017, petitioner filed a motion for reduction of sentence under Amendment 794, which the court also denied on July 12, 2017, holding "defendant is not entitled to a sentence reduction pursuant to Amendment 782 because his original sentencing guideline range was based on his status as a career offender rather than drug quantity." (DE 283).

On July 24, 2017, petitioner filed the first of two motions for extension of time to file a motion for reconsideration, both of which the court granted, allowing petitioner to file his motion

---

[2] Petitioner's counsel was appointed pursuant to Standing Order 15-SO-02.

2

by October 20, 2017. On October 23, 2017 and on February 5, 2018, petitioner filed the instant two motions for reconsideration, the former requesting the court reconsider its denial of petitioner's motion for reduction of sentence and the latter requesting the court reconsider its denial of petitioner's original § 2255 motion to vacate.

## COURT'S DISCUSSION

A.  Motion to Reconsider Court's Denial of Motion for Reduction of Sentence

The court's authority to modify a sentence is extremely narrow. There are only three circumstances in which modification is allowed: (1) upon motion of the Director of the Bureau of Prisons; (2) as permitted by statute or Federal Rule of Criminal Procedure 35; and (3) where the relevant sentencing guidelines have changed since sentence was imposed. See 18 U.S.C. § 3582(c)(1)(A), (1)(B), and (2). However, a reduction of a term of imprisonment is not authorized (i.e. not consistent with applicable policy statements) under § 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In the instant case, based on a total offense level of 38 and a criminal history category of VI, petitioner's sentencing guideline range is 360 months to life imprisonment. (See PSR (DE 293 June 6, 2005) at ¶ 59). Amendment 782 does not have the effect of lowering the defendant's applicable guideline range. Although Amendment 782 reduces the petitioner's base offense level from 36 to 34, petitioner's total offense level is thereby only reduced from 38 to 37 due to the application of petitioner's career offender status. (See id. at ¶ 54 ("[D]efendant is a career offender within the meaning of Section 4B1.1 of the guidelines. Section 4B1.1 prescribes an offense level of 37. However, as an offense level of 38 has already been established, the offence level is not affected by

the career offender designation.")). Based on a total offense level of 37 and a criminal history category of VI, petitioner's sentencing guideline range remains 360 months to life imprisonment. See U.S.S.G. Ch. 5, Pt. A (2005).

Petitioner argues that he "should receive a 2 level reduction since this court did not originally use U.S.S.G. § 4B1.1 to determine sentence." (DE 290 at 2). The court did, however, originally apply the career offender guideline to determine that petitioner is a career offender, (see PSR (DE 293 June 6, 2005) at ¶ 54 ("defendant is a career offender within the meaning of Section 4B1.1")), even though that status as originally applied had no effect. (Id.). Because the court applied the career offender guideline previously, and determined that petitioner was a career offender, the court is required to apply that provision in determining whether petitioner is entitled to a sentencing reduction. See U.S.S.G. § 1B1.10(b)(1) (emphasis added) ("the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.").

Accordingly, where Amendment 782 does not have the effect of lowering petitioner's guideline range, petitioner's motion for reconsideration is denied.

2. Motion to Reconsider Court's Denial of Petitioner's First Motion to Vacate

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993);

Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim or defense. Here, petitioner argues that the court's order denying his original § 2255 motion impermissibly "recharacterized Abdullah's ineffective assistance of counsel claim into a sentencing claim . . . . Thus, the court impinged its own ability to adjudicate Mr. Abdullah's claim, which remains unresolved still today." (DE 292 at 1-2 (citing Abdullah v. United States, No. 5:04-CR-371-F-1, 2009 WL 10648919, at *2 (E.D.N.C. Mar. 11, 2009) ("Abdullah's third claim, although couched as an ineffective assistance of counsel claim, is essentially attacking the Constitutionality of his career offender status, which was subject of his appeal to the Fourth Circuit.").

Petitioner's original § 2255 motion states:

> Movant Abdullah maintains that he was denied his Sixth Amendment right to the effective assistance of counsel throughout the underlying sentencing proceeding below, where counsel neglected to adequately investigate Abdullah's criminal history, thus adequately and more proficiently argue against the district court's erroneous attribution of career offender categorization against Movant Abdullah, mistakenly believing that (1) Abdullah's prior convictions were not consolidated, notwithstanding the state court's consolidation of same, upon a finding of relatedness; and (2) Abdullah's prior convictions were constitutional, inasmuch as they were not.

(DE 72 at 7).

The Fourth Circuit addressed petitioner's first argument, stating

> According to the Presentence Investigation Report ("PSR"), Abdullah was arrested on January 12, 1993, for felony possession with intent to sell and deliver cocaine.

> On April 10, 1993, Abdullah attempted to kill another by firing a pistol. He was charged with felony assault with a deadly weapon. In a consolidated proceeding, Abdullah pled guilty to both charges and was sentenced to five years' imprisonment. At sentencing, Abdullah did not object to the facts concerning the prior convictions. He did not challenge the finding that the convictions were separated by an intervening arrest. Because Abdullah did not make an affirmative showing as to why the facts regarding the two convictions are inaccurate, the court was free to adopt the findings.

Burston, 195 F. App'x at 152. The Fourth Circuit additionally more generally stated "[w]e have reviewed the PSR and the testimony at sentencing and find no error." Id.

Assuming without deciding that petitioner is correct and the Fourth Circuit did not resolve petitioner's ineffective assistance of counsel claim, petitioner's claim still fails on the merits. There can be no meritorious claim for ineffective assistance of counsel for failure of counsel to challenge petitioner's career offender status where petitioner was correctly categorized as a career offender. See United States v. Lee, 855 F.3d 244, 247 (4th Cir. 2017) (affirming district court's determination of career offender status and thereby dismissing petitioner's ineffective assistance of counsel claim regarding counsel's failure to challenge that status).

The Fourth Circuit has recently addressed a situation similar to that addressed here, where petitioner challenges designation as career offender based on a North Carolina consolidated sentence issued prior to October 1, 1994:

> In support of his argument, Mitchell seeks to expand the holding of United States v. Davis, in which we found that a consolidated sentence under the North Carolina Structured Sentencing Act results in a single sentence that may serve only as one sentence for purposes of determining whether a defendant is a career offender. 720 F.3d at 218–20. Mitchell, however, was sentenced before the October 1, 1994 effective date of the Structured Sentencing Act's "consolidated sentence" provision, N.C. Gen. Stat. § 15A–1340.15. At the time of Mitchell's state sentence, North Carolina defendants like Mitchell received separate sentences in offenses "consolidated for sentencing." Davis, 720 F.3d at 219. Moreover, a sentence imposed on convictions consolidated for judgment was based not only on the maximum sentence for the most serious crime of conviction, but also on the presumptive

6

sentences assigned to each of the convictions. N.C. Gen. Stat. § 15A–1340.4(a) (1988). Therefore, we find Mitchell's reliance on Davis unavailing.

United States v. Mitchell, 679 F. App'x 259, 260–61 (4th Cir.2017). Similarly, petitioner was sentenced before October 1, 1994 and received separate sentences in his offenses that were consolidated for sentencing, with presumptive sentences assigned to each of the convictions. (See also DE 273-1 (a copy of petitioner's state court judgment)).

Accordingly, petitioner was correctly categorized as a career offender and his claim that his trial counsel failed to object to that designation is denied.

## CONCLUSION

Based on the foregoing, this court DENIES petitioner's motions for reconsideration (DE 290, DE 292). The clerk is DIRECTED to close this case.

SO ORDERED, this the 18th day of April, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge