IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-371-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MUHAMMED MAHDEE ABDULLAH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for compassionate release (DE 370) and for status update (DE 373). The issues raised are ripe for ruling.

Defendant cannot challenge his career offender designation on new legal grounds in a motion for compassionate release. See United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2022). To the extent defendant argues that his sentence is excessive because he would not be designated a career offender under current law, that is incorrect for the reasons explained in the court's August 3, 2022, order. (DE 358 at 5). The United States Court of Appeals for the Fourth Circuit's decision in United States v. Campbell, 22 F.4th 438 (4th Cir. 2022) does not change the analysis in the prior order. This is because the Fourth Circuit has held that offenses under 21 U.S.C. § 841(a) and North Carolina drug crimes under N.C. Gen. Stat. § 95-96 remain controlled substance offenses for purposes of the career offender guideline, notwithstanding Campbell. See United States v. Miller, 75 F.4th 215, 231 (4th Cir. 2023); United States v. Groves, 65 F.4th 166, 174 (4th Cir. 2023). As a result, defendant would be sentenced as a career offender even under current law, and as a result he cannot show a gross disparity between the sentence being served and the likely sentence under current law. See U.S.S.G. § 1B1.13(b)(6).

Finally, the court did not err in denying defendant's prior motions for sentence reduction based on the retroactive amendments to the sentencing guidelines. It is true that at the time of sentencing defendant's total offense level was the same under both the career offender provision and the remaining provisions related to the drug quantity and weapons enhancement. (See Presentence Report (DE 293) at 16). Nonetheless, defendant's sentence cannot be reduced pursuant to 18 U.S.C. § 3582(c)(2)(A) because any retroactive amendment that does not change the career offender designation would not have the effect of lowering his guidelines range. See U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A); (PSR Modification (DE 325)). Moreover, and for the reasons discussed above, defendant cannot challenge the court's prior orders denying sentence reductions by means of a motion for compassionate release. Ferguson, 55 F.4th at 272.

Based on the foregoing, defendant's motion for compassionate release (DE 370) is DENIED, and the motion for status update (DE 373) is DENIED as moot. Defendant is DIRECTED to cease filings motions in this case asserting legal challenges to his career offender designation unless he receives permission to file second or successive motion to vacate pursuant to 28 U.S.C. § 2255 from the United States Court of Appeals for the Fourth Circuit.

SO ORDERED, this the 9th day of July, 2025.

LOUISE W. FLANAGAN
United States District Judge